838 F.2d 1210
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Sylvester Joseph JOHNSON, Sr., Plaintiff-Appellant,
v.
WAYNE B. WINEBRENNER, Warden; MEDICAL STAFF AT MCI; MS.
KERSHNER, Nurse, State Employee; PHILLIP H.
ELLIOTT, Site Administrator, PHP
Corporation; PATRICIA
SHERPINSKI,
Defendants-
Appellees.
 No. 87-6602.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 28, 1987.
Decided: Feb. 2, 1988.
 
 Sylvester Joseph Johnson, Sr., appellant pro se.
 Stephanie J. Lane, Assistant Attorney General; Paul T. Cuzmanes, Wilson, Elser, Edelman & Dicker, for appellees.
 Before WIDENER, SPROUSE, and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Sylvester Joseph Johnson, Sr., a Maryland inmate, brought this action pursuant to 42 U.S.C. Sec. 1983. Johnson complained that on one occasion when he was referred to a physician's assistant the physician's assistant failed to see him that day; Johnson also alleged that on two other occasions he was dissatisfied with the treatment he received. The district court dismissed his complaint for failure to state a claim. We affirm.
 
 
 2
 In order to state a Sec. 1983 claim based on inadequate medical treatment, an inmate must show that a defendant demonstrated deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97 (1976).
 
 
 3
 Prison records show that Johnson saw medical personnel on numerous occasions and that they provided him with extensive treatment for his ongoing toenail and hemorrhoid problems. Johnson complains of one occasion where a physician's assistant did not see him because the prison clinic was understaffed. Failure to see Johnson on this one occasion did not amount to "deliberate indifference" within the meaning of Estelle.
 
 
 4
 Johnson has also failed to demonstrate that his medical needs at that moment were "serious." There is nothing to indicate that the toenail and hemorrhoid problems were potentially dangerous or debilitating medical conditions at that time. Johnson undoubtedly felt that his injuries were not getting the attention they deserved. Disagreements with medical personnel as to the course of treatment do not, however, state a claim under Sec. 1983. Estelle, 429 U.S. at 107. The district court properly dismissed Johnson's complaint because Johnson did not demonstrate that there was deliberate indifference to a serious medical need.
 
 
 5
 We dispense with oral argument because the dispositive issues have recently been decided authoritatively.
 
 
 6
 AFFIRMED.